Filed 2/20/25  P. v. Brittain CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082473 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD187149) |
| LANCE DENE BRITTAIN, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed and remanded with instructions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Lance Dene Brittain appeals a resentencing order entered pursuant to Penal Code sections 1171.1 (now 1172.75) and 1172.1.  He argues, and the

People concede, (1) the trial court erred by failing to calculate his custody credits in his abstract of judgment and (2) the abstract reflects an incorrect offense of conviction. We find this matter appropriately resolved by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847) and, accepting the People's concession, remand with instructions.

In 2006, Brittain was convicted of, relevant here, first degree murder (Pen. Code, § 187, subd. (a)), attempted premeditated murder (§§ 187(a), 189, 664), and the unlawful taking of a vehicle (Veh. Code, § 10851(a)). In 2007, the court sentenced him to life without the possibility of parole for the murder charge, life with the possibility of parole for the attempted murder charge, and seven years for the unlawful taking of a vehicle charge.

In 2020, the court denied appellant's petition for resentencing pursuant to section 1172.6. Following the California Supreme Court's decision in *People v. Strong* (2022) 13 Cal.5th 698, we reversed the trial court's order denying the petition and remanded the matter for further proceedings. (*People v. Brittain* (Jan. 5, 2023, D078233) [nonpub. opn.].)

On June 26, 2023, the trial court denied the petition for resentencing as to first degree murder, but the parties stipulated Brittain's conviction for attempted premeditated murder would be vacated and Brittain would instead plead guilty to discharging a firearm under Penal Code section 246. The court accordingly resentenced Brittain to life without the possibility of parole plus ten years. The court's minute order states, "[a]ll previously earned credits for time served shall be applied." And the abstract of judgment states the California Department of Corrections and Rehabilitation is "to [c]alculate previously earned credits. All previously earned credits for time served shall be applied."

On June 4, 2024, the court issued an order amending the minutes from the resentencing, stating Brittain "shall receive the 773 days of actual credit as of his original January 16, 2007, sentencing and credits for all days spent in a State institution since January 16, 2007.  The CDCR is to calculate those credits."

Brittain contends, and the People concede, the resentencing court failed to comply with *People v. Buckhalter* (2001) 26 Cal.4th 20, because it did not determine the actual days Brittain was in custody between his original sentencing in 2007 and his resentencing in 2023.  We agree.  "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."  (*Id.* at p. 29.)  It is thus the resentencing court—not CDCR—that must calculate Brittain's custody credits and award such credits in the new abstract of judgment.  (*Id.* at p. 41.)

In addition, although the abstract of judgment reflects the correct base sentence for the Penal Code section 246 offense, it states the offense of conviction was attempted murder.  This appears to be a clerical error, as the parties agreed to vacate the attempted murder conviction, and the court's minute order accurately reflects the charges.

DISPOSITION

We remand to the trial court to (1) recalculate Brittain's custody credits between the time of his original January 16, 2007 sentencing and his June 26, 2023 resentencing, and (2) prepare an amended abstract of judgment that includes the recalculated credits and accurately reflects Brittain's conviction under Penal Code section 246, rather than attempted

3

murder.  The trial court shall then forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  We otherwise affirm the judgment.

CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


DO, J.